UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN GALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:21-cv-00284-JPH-DLP |
| | ) |
| T.J. WATSON, | ) |
| | ) |
| Respondent. | ) |

**Order Dismissing Petition for Writ of Habeas Corpus
and Directing Petitioner to Show Cause**

Petitioner Brian Gale seeks relief from his conviction for Discharging a Firearm in Furtherance of a Crime of Violence. For the following reasons, Mr. Gale is not entitled to habeas relief and is directed to show cause why his petition should not be dismissed.

**I. Background**

On November 27, 2017, Mr. Gale pleaded guilty in the Eastern District of Virginia to Interference with Commerce by Robbery under 18 U.S.C. § 1951(a) ("Hobbs Act Robbery") and Discharge of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Gale*, 4:17-cr-47-RAJ-RJK (E.D. Va.) (Crim. Dkt.) dkt. 40. He was sentenced to a total of 198 months' imprisonment. *Id.* Mr. Gale sought relief from his conviction and sentence pursuant to 28 U.S.C. § 2255 arguing that his Hobbs Act Robbery conviction does not qualify as a "crime of violence" under § 924(c). Crim. Dkt. 50. The district court rejected that argument and denied his § 2255 motion. *Id.* dkt. 66.

**II. Discussion**

Mr. Gale's habeas petition is subject to preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

1

district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because

2

invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

Mr. Gale challenges his conviction under § 924(c), arguing that Hobbs Act Robbery does not constitute a crime of violence. But Mr. Gale already argued in his § 2255 motion that his Hobbs Act Robbery was not a crime of violence because some robbery offenses do not qualify as such under the so-called residual clause of § 924(c). He thus has not shown how § 2255 is ineffective or inadequate to address his challenge to this § 924(c) conviction. The savings clause is not implicated, so Mr. Gale cannot seek relief under § 2241.

### III. Conclusion

For the foregoing reasons, Mr. Gale is not entitled to habeas relief under § 2241. He shall have **through September 13, 2021**, to show cause why his habeas petition should not be dismissed.

**SO ORDERED.**

Date: 8/16/2021

                                                             James Patrick Hanlon
                                                             United States District Judge
                                                             Southern District of Indiana

Distribution:

BRIAN GALE
91098-083
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808